UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE           :
COMMISSION                        :
                                  :
                       Applicant, :    1:14-mc-257 (ALC)
                                  :
         -against-                :    <u>OPINION & ORDER</u>
                                  :
JOSEPH D. STILWELL,               :
                                  :
                      Respondent. :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

**I. INTRODUCTION**

On August 13, 2014, the Securities and Exchange Commission ("the Commission") commenced this action, seeking an order directing Respondent, Joseph D. Stillwell, to comply with its June 18, 2014 subpoena *ad testificandum* ("the Subpoena"). The Commission is investigating whether Respondent and Stilwell Value, LLC ("Stilwell Value"), the registered investment adviser and fund manager that Respondent owns and operates, violated the federal securities law by making materially false and misleading statements and omissions to investment funds it manages and to the Commission regarding inter-fund loans allegedly authorized by Respondent. On September 9, 2014, this Court held a hearing on the application. For the reasons described below, the application is **GRANTED**.

**II. DISCUSSION**

This Court has an "extremely limited" role in a proceeding to enforce an administrative subpoena. *McVane v. FDIC*, 44 F.3d 1127, 1135 (2d Cir. 1995) (quoting *NLRB v. C.C.C. Assoc., Inc.*, 306 F.2d 534, 538 (2d Cir. 1962)). To obtain judicial enforcement, an agency need only make a prima facie showing that: "[1] that the investigation will be conducted pursuant to a

legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the [the agency's] possession, and [4] that the administrative steps required . . . have been followed." *RNR Enters., Inc. v. SEC*, 122 F.3d 93, 96 (2d Cir. 1997) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). Once the agency has made this showing, a party can only evade enforcement by demonstrating that the subpoena is "unreasonabl[e] or was issued in bad faith or for an improper purpose." *Id.* (alteration in original) (quoting *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973)) (internal quotation marks omitted). In this case, the only element of the Commission's prima facie burden at issue is whether the subpoena serves a legitimate purpose.

The Commission avers that it seeks the testimony of Respondent, who previously testified on June 8, 2013, with respect to several pre-2008 inter-fund loans that came to its attention after his initial testimony, as well as on aspects of post-2008 inter-fund loans about which it did not inquire initially. (*See* Aug. 13, 2014 Decl. of Gwen A. Licardo ¶¶ 24-27.) This Court must defer to the Commission's perspective on the possible relevance of Respondent's testimony to its investigation unless it is "obviously wrong." *RNR Enters.*, 122 F.3d at 97. Respondent insists that an investigatory purpose is wanting because the Commission's staff informed his counsel on July 23, 2014, after post-Wells notice settlement negotiations between the parties broke down, that it intended to recommend to the Commission that it institute charges against Respondent. The staff allegedly informed Respondent's counsel that it would recommend charges in an administrative proceeding, specifying the statutory violations to be charged and the anticipated timing, and also inquired whether counsel would accept service of process.

Notwithstanding Respondent's contentions, the Court finds that the Commission has

satisfied its prima facie burden to demonstrate an investigatory purpose. As the court observed in *SEC v. Sears*, the Commission's investigatory prerogative permits its staff to reach tentative conclusions and thereafter seek additional documents or testimony in aid of making final determinations. 05 Civ. 728, 2005 WL 5885548, at *2 (D. Or. July 28, 2005) (Jelderks, M.J.). Moreover, Respondent's contention here is not that the additional issues on which the Commission seeks his testimony are impertinent, but that his testimony is pointless in his view because the staff's alleged July 23, 2014 statements reflect their unwillingness to believe him. This Court's "extremely limited" role, however, requires that it only inquire whether the Commission's perspective on the investigatory purpose is "obviously wrong," and not whether Respondent's perspective is the more persuasive one. *See RNR Enters.*, 122 F.3d at 97

The Court having found that the Commission has satisfied its prima facie burden for enforcement, Respondent bears a "heavy burden" to evade enforcement on the ground of an "invalid purpose." *SEC v. Knopfler*, 658 F.2d 25, 26 (2d Cir. 1981). In order to receive an evidentiary hearing on the issue, moreover, Respondent must make a "meaningful and substantial factual showing." *Id.* Respondent, however, merely argues that enforcement of the Subpoena serves the improper purpose of allowing the SEC to obtain discovery in advance of what he perceives to be inevitable litigation, in contravention of the spirit of the administrative rules. The Court finds this argument speculative and inadequate to warrant an evidentiary hearing on the issue of improper purpose, as a similar observation could easily be made in most any investigation.

### III. CONCLUSION

For the reasons described above, the Court grants the Commission's application. Respondent shall appear for sworn testimony no later than September 23, 2014, and may be held

in civil contempt without further notice or a hearing if he fails to comply with this Opinion & Order. The Clerk of the Court is respectfully directed to terminate all pending matter and to close this case.

**SO ORDERED.**

Dated: September 11, 2014

      New York, New York

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**